| | |
|---|---|
| PROBATE COURT<br>CITY AND COUNTY OF DENVER, COLORADO<br>City and County Building, Room 230<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: December 6, 2016<br>CASE NUMBER: 2012PR1772 |
| IN THE INTERESTS OF:<br><br>**JOANNE BLACK,**<br><br>**Protected Person** | ▲ **COURT USE ONLY** ▲ |
| | Case Number:<br><br>**12PR1772** |
| **ORDER RE: MOTION TO TURN OVER JEWELRY AND I-BONDS TO THE PROTECTED PERSON AND AUTHORITY TO PAY ESAUN PINTO** | |

THIS MATTER COMES before the Court on Appointed Counsel, Lisa DiPonio, Esq.'s Motion for an Order Authorizing the Special Conservator to Turn Over Jewelry and I-Bonds to the Protected Person and Authority to Pay Esaun Pinto. The Court, having reviewed the Motion and being fully advised of the premises:

THE COURT FINDS in multiple rulings from this Court, Bernard Black, brother of and former Conservator for the Protected Person, Joanne Black, was ordered to turn over to Ms. Black's Special Conservator, jewelry and I-bonds which were bequeathed to Ms. Black by her mother, Renata Black. Mr. Black, following Counsel's filing of a Verified Motion and Affidavit for Citation of Contempt on behalf of Ms. Black against Bernard Black for his repeated failures to return these assets, turned over the jewelry and I-Bonds to the Special Conservator on or about September 16, 2016. These assets now are in the possession of the Special Conservator.

THE COURT FURTHER FINDS the Order Appointing Special Conservator does not provide the specific authority for the Special Conservator to turn over to Ms. Black the jewelry and I-Bonds. Counsel is requesting the Court issue an Order giving the Special Conservator authority under her powers to convey to Ms. Black these assets. The Court finds, however, that the motion does not contain sufficient information regarding how those assets would be safeguarded if they are in Ms. Black's personal possession. The Court therefore denies the request to turn over the jewelry and I-Bonds to Joanne Black and directs that they remain in the Special Conservator's possession.

THE COURT ALSO FINDS Esaun Pinto was integral in bringing Ms. Black back to New York from Colorado. He has been involved in Ms. Black's life for many years, has been and continues to be an extremely important member of Ms. Black's "team" and support system in New York. Counsel has provided with her Motion a General Contact for Services entered into between Ms. Black and Mr. Pinto. Additionally, Counsel has attached Mr. Pinto's Invoice for services rendered from March 20, 2016 through September 20, 2016. At Ms. Black's request, the Special Conservator has paid Mr.

Pinto $5,000.00 for his services. The Court has reviewed the contract and finds that it agrees to pay Mr. Pinto monthly fees that exceed Ms. Black's monthly income, and apparently without regard to Ms. Black's need to pay rent and utilities, purchase food for herself, pay her on-going bills and other expenses. The Court is not aware that Ms. Black requires such a high level of support and the information contained on the record does not support payment to a companion at this level. The Court authorizes the sum of $1000.00 per month to be paid to Mr. Pinto, finding that he has already been paid for his prior services which include return of Ms. Black to New York, and finding that the sum of $1000.00 for companion care is sufficient. The Court further finds that it does not appear that Ms. Black understood the high cost of fees she agreed to pay for Mr. Pinto's services or that she remains subject to a Special Conservatorship to safeguard her assets when she signed the contract. The remainder of the request for fees to Esaun Pinto is denied.

IT IS THEREFORE ORDERED Counsel's Motion is Denied and finds it is not in the best interests of the Protected Person, Joanne Black's to authorize the Special Conservator to turn over to Ms. Black her jewelry and I-Bonds or to pay the full amount of fees to Esaun Pinto pursuant to the invoice.

THE COURT FURTHER ORDERS:

With regard to the fees for Illinois Counsel, the fee statements have now been submitted and those fees are authorized to be paid.

Dated: _December 6_, 2016

_____
Probate Court Judge