UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BERNARD BLACK, as Trustee of the Joanne Black 2013 Trust Agreement, dated March 22, 2013, the Supplemental Needs Trust for the Benefit of Joanne Black, dated December 19, 1997 and Trustee of the Trust for the Benefit of the Issue of Renata Black, | ) ) ) ) ) ) | Case No. 1:19-CV-05305 |
| Plaintiff, | ) ) | |
| v. | ) ) | Hon. Gary Feinerman |
| JEANETTE GOODWIN, individually and as Conservator for Joanne Black, | ) ) ) ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Bernard Black, as a Trustee of the Joanne Black 2013 Trust Agreement, dated March 22, 2013, as a Trustee of the Supplemental Needs Trust for the Benefit of Joanne Black, dated December 19, 1997, and as a Trustee of the Trust for the Benefit of the Issue of Renata Black ("Bernard"), through his undersigned counsel, moves this Court for leave to file a limited supplemental memorandum of law in opposition to Defendant Jeanette Goodwin's ("Goodwin") motion to dismiss for purposes of addressing certain issues the Court raised at the hearing on Goodwin's motion and in support, Bernard states:

1. Goodwin filed a motion to dismiss Bernard's Complaint. That motion was fully briefed.

2. On December 3, 2019, this Court conducted a hearing on the motion to dismiss. At the hearing, this Court raised issues not adequately addressed, or fully addressed, in the parties' briefs.

3.   Bernard seeks leave by this motion to file a limited memorandum, a copy of which is attached, to address the issues more fully about which this Court had questions.

WHEREFORE, Bernard respectfully requests leave to file a supplemental brief in opposition to Goodwin's motion to dismiss to respond more fully to the issues raised by this Court.

Respectfully submitted,

BERNARD BLACK, as Trustee of the Joanne Black 2013 Trust Agreement, dated March 22, 2013, the Supplemental Needs Trust for the Benefit of Joanne Black, dated December 19, 1997 and Trustee of the Trust for the Benefit of the Issue of Renata Black

By: /s/Brad S. Grayson
    One of His Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, Illinois 60062
(847) 562-1400
bfeder@straussmalk.com
bgrayson@straussmalk.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARD BLACK, as Trustee of the Joanne Black 2013 Trust Agreement, dated March 22, 2013, the Supplemental Needs Trust for the Benefit of Joanne Black, dated December 19, 1997 and Trustee of the Trust for the Benefit of the Issue of Renata Black, <br><br> Plaintiff, <br> v. <br><br> JEANETTE GOODWIN, individually and as Conservator for Joanne Black, <br><br> Defendant. | Case No. 1:19-CV-05305 <br><br> Hon. Gary Feinerman |

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JEANETTE GOODWIN'S MOTION TO DISMISS

Plaintiff seeks to clarify the following issues that arose at oral arguments on Defendant's motion to dismiss on December 3, 2019: (1) whether a judgment pending on appeal in Colorado is final for purposes of collateral estoppel, (2) whether the Denver Probate Court ("DPC") may impose remedies against the Supplemental Needs Trust for the Benefit of Joanne Black dated December 19, 1997 (the "SNT") and the Trust for the Benefit of the Issue of Renata Black (the "Issue Trust"), and (3) whether the DPC has *in rem* jurisdiction over the SNT and Issue Trust.

### I. A JUDGMENT PENDING ON APPEAL IS NOT FINAL FOR PURPOSES OF COLLATERAL ESTOPPEL

During oral argument on Defendant's motion to dismiss, this Court addressed the DPC's finding that it has jurisdiction over the SNT and Issue Trust and asked whether this finding would be binding on this Court. Colorado law is well-settled that a judgment pending on appeal does not constitute a final judgment for the purposes of collateral estoppel. *Rantz v. Kaufman*,

109 P.3d 132, 141 (Colo. 2005). Here, there is an appeal pending with the Colorado Appellate Court with respect to the DPC's finding it has jurisdiction over the SNT and Issue Trust. Thus, the DPC's finding it has jurisdiction over the trust assets has no preclusive effect in this case.

**II.     THE DPC IS PRECLUDED FROM SEEKING REMEMDIES AGAINST THE SNT AND ISSUE TRUST**

At oral argument, this Court raised the issue of whether the DPC may impose remedies against the SNT and Issue Trust in that conservatorship proceeding. It cannot. The election of remedies doctrine would preclude any remedy that the DPC may impose against the SNT and Issue Trust at this time. The election of remedies doctrine is invoked "where the remedial rights sought in a given situation are so inconsistent that the assertion of one necessarily repudiates the other." *Colorado Nat. Bank-Exch. v. Hammar*, 764 P.2d 359, 362 (Colo. App. 1988). The purpose of the election of remedies doctrine is to "prevent double recovery by the innocent party for the harm done to him." *Stewart v. Blanning*, 677 P.2d 1382, 1383–84 (Colo. App. 1984).

That doctrine applies to this situation because the DPC previously found, in response to relief sought by parties acting (or purporting to act) on Joanne Black's ("Joanne") behalf, that Bernard Black ("Bernard"), acting as conservator for Joanne, breached his fiduciary duty in arranging a disclaimer of assets which caused assets to be diverted from Joanne to the SNT and Issue Trust. The DPC entered a money judgment against Bernard as relief. That was the elected remedy for Bernard's conduct in arranging the disclaimer. For the DPC to impose further remedies against the SNT and Issue Trust and take the assets of those trusts into the conservatorship estate for Joanne would be duplicative of the money judgment against Bernard and provide double recovery for Joanne. Consequently, the DPC is precluded from invoking any further remedies against the SNT and Issue Trust for Bernard having arranged the disclaimer as there is already a judgment against Bernard for this action.

### III. THE DPC DOES NOT HAVE IN REM JURISDICTION OVER TRUST ASSETS

Third, this Court raised the issue of the DPC's finding it has *in rem* jurisdiction over the SNT and Issue Trust. A court may only exercise *in rem* jurisdiction over a *res* within its territory so as not to give a "judgment extra-territorial effect upon assets in other states." *Riley v. New York Tr. Co.*, 315 U.S. 343, 353 (1942). While a court may exercise *in rem* jurisdiction over trust assets that have been in a state and wrongfully removed, the SNT and Issue Trust assets never entered Colorado. The trusts are not Colorado trusts. The trusts' assets were initially held in accounts owned by Renata Black at Vanguard Group in Pennsylvania. The assets then moved by virtue of the disclaimer to Renata Black's estate in New York. Thereafter, pursuant to Renata Black's Will, the assets were distributed to trust accounts in Illinois. Neither the SNT nor the Issue Trust assets ever entered Colorado. As a result, the DPC cannot exercise *in rem* jurisdiction over the trusts' assets.

### IV. Conclusion

Based on the foregoing and the other reasons set forth in Plaintiff's memorandum in opposition to Defendant's motion to dismiss, the claims in this case are not within the purview of the DPC proceeding. Accordingly, the probate exception to the subject matter of this jurisdiction of this Court does not apply.

    Respectfully submitted,

    BERNARD BLACK, as Trustee of the Joanne Black 2013 Trust Agreement, dated March 22, 2013, the Supplemental Needs Trust for the Benefit of Joanne Black, dated December 19, 1997 and Trustee of the Trust for the Benefit of the Issue of Renata Black

    By: /s/Brad S. Grayson
        One of His Attorneys

Benjamin N. Feder (ARDC# 6277452)
Brad S. Grayson (ARDC# 6196336)
Strauss Malk & Feder LLP
135 Revere Drive
Northbrook, Illinois 60062
(847) 562-1400
bfeder@straussmalk.com
bgrayson@straussmalk.com